UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NORMAN CLANCY,<br><br>    Plaintiff,<br><br>v.<br><br>JERRY MANCUSO; GERALD BITTNER; and KEITH COOPER,<br><br>    Defendants. | Case No. 22-cv-02381-BLF<br><br>**ORDER GRANTING MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND; AND ORDER TO SHOW CAUSE WHY PLAINTIFF SHOULD NOT BE DECLARED A VEXATIOUS LITIGANT**<br><br>[Re: ECF 7, 21] |

This is the latest in a series of lawsuits that *pro se* Plaintiff Norman Clancy ("Clancy") has filed regarding dental services provided to him by Defendants Jerry Mancuso ("Mancuso"), Gerald Bittner ("Bittner"), and Keith Cooper ("Cooper"). In this suit, Clancy asserts a single claim under the federal criminal mail fraud statute, 18 U.S.C. § 1341, based on Defendants' alleged scheme to defraud him in connection with the dental work. *See* Compl. at 3, ECF 1.[1]

Clancy has voluntarily dismissed Bittner from the suit. The remaining defendants, Mancuso and Cooper, have filed motions to dismiss the complaint. Mancuso's motion includes a request that the Court declare Clancy a vexatious litigant. Clancy has not filed opposition to the motions. The Court previously submitted the motions for decision without oral argument. *See* Order Submitting Mots., ECF 25.

---

[1] Because the complaint is not conventionally paginated, this order cites to the page numbers in the Electronic Case Filing ("ECF") header at the top of the complaint.

For the reasons discussed below, the motions to dismiss are GRANTED WITHOUT LEAVE TO AMEND. Although the Court ordinarily would enter judgment against Clancy at this time, the Court will defer entry of judgment so that it may consider Mancuso's request that the Court declare Clancy a vexatious litigant. Clancy is ORDERED TO SHOW CAUSE, in writing and within 14 days, why he should not be declared a vexatious litigant and subject to a pre-filing review requirement with respect to future complaints against Jerry Mancuso, Gerald Bittner, and Keith Cooper.

## I. BACKGROUND

Clancy alleges that he was referred to Dr. Keith Cooper for the removal of a broken screw from an implant. *See* Compl. at 6. Cooper allegedly "destroyed a critical implant" and removed "an existing bridge," which left Mr. Clancy "without any teeth for months." *Id.* Clancy indicates that after that procedure, he was referred to Dr. Jerry Mancuso, an oral surgeon. *See id.* Mancuso allegedly proposed a plan of treatment that involved pulling out all of Clancy's existing teeth and implants, followed by a bone graft and insertion of up to eight implants. *See id.* Clancy claims that he also was referred to Dr. Gerald Bittner "to make the hybrid bridge." *Id.*

According to Clancy, Defendants changed the prices of their procedures in bad faith and lied about which procedures they performed. *See* Compl. at 6-7. For example, Clancy alleges as follows: "On the day before the operation, Mancuso raised the price to $19,000 and used the change in price, that he knew I couldn't pay to cancel the surgery." *Id*. at 7. Additionally, Clancy alleges that an X-ray taken immediately after the first surgery by Dr. Cooper shows that the procedure was never actually performed. *See id* at 9, 11. Clancy also says that he immediately went to three other oral surgeons, who told him that he had never had any bone graft and that the follow-up treatment plan proposed by Defendants was impossible. *See id* at 7.

Based on these factual allegations, Clancy alleges that Defendants violated the federal criminal mail fraud statute, 18 U.S.C. § 1341. *See* Compl. at 3, 8-9. Specifically, Clancy alleges that "Mancuso, Cooper, and Bittner all conspired to set [him] up to pay for 8 pulled teeth and three dentures – all to cover up the crime of not putting the implants in and making me pay for them – mostly in cash." *Id.* at 9.

1    Both remaining defendants, Mancuso and Cooper, move to dismiss the complaint for
2    failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[2]  Mancuso also requests
3    that Clancy be declared a vexatious litigant.

**II.    MOTIONS TO DISMISS**

**A.    Legal Standard**

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (internal quotation marks and citation omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Where a plaintiff proceeds *pro se*, the court "must construe the pleadings liberally" and afford the plaintiff "the benefit of any doubt." *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022) (internal quotation marks and citation omitted).  "A liberal construction of a pro se complaint, however, does not mean that the court will supply essential elements of a claim that are absent from the complaint." *Id*.

**B.    Discussion**

Defendants move to dismiss the complaint on the ground that the statute under which Clancy sues, 18 U.S.C. § 1341, does not give rise to a private right of action.  Defendants correctly point out that 18 U.S.C. § 1341 is a criminal statute, which provides that a person who uses the mails in furtherance of a scheme to defraud "shall be fined under this title or imprisoned not more than 20 years, or both."  18 U.S.C. § 1341.  "[T]he mail fraud statute does not provide a private

---

[2] While Mancuso's motion cites the legal standards for dismissal under both Rule 12(b)(1) and 12(b)(6), his notice of motion states that he seeks dismissal only under Rule 12(b)(6).  *See* Mancuso Mot. at 10, ECF 21.  Because the Rule 12(b)(6) motion is dispositive, the Court does not consider Mancuso's additional motions under Rule 12(f) and Rule 12(e).

right of action." *Cirino v. GMAC Mortg. LLC*, 667 F. App'x 248, 249 (9th Cir. 2016) (citing 18 U.S.C. § 1341); *see also Ross v. Orange Cnty. Bar Ass'n*, 369 F. App'x 868, 869 (9th Cir. 2010) (recognizing that there is "no separate private right of action for mail fraud under 18 U.S.C. § 1341"); *Cobb v. Brede*, Case No. 10-03907, 2012 WL 33242, at *2 (N.D. Cal. Jan. 6, 2012) (noting that 18 U.S.C. §§ 1341 and 1343 "are the federal criminal statutes for mail and wire fraud . . . [that] do not provide litigants with a private right of action"), *aff'd*, 517 Fed. App'x 556 (9th Cir. 2013). Under these authorities, the Court concludes that the complaint is subject to dismissal even under the liberal standards applicable to *pro se* pleadings.

Having determined that the complaint is subject to dismissal, the Court must decide whether leave to amend is warranted. Leave ordinarily must be granted unless one or more of the following factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (discussing *Foman* factors). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052. However a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.*

The Court finds no undue delay (factor 1). Mancuso suggests that Clancy is acting in bad faith (factor 2) by acting as a vexatious litigant, but any finding of bad faith would be premature while the vexatious litigant request is pending. There has been no repeated failure to cure deficiencies (factor 3), as the current motions are directed to the original complaint. However, granting Clancy an opportunity to continue with this meritless suit would impose undue prejudice on Defendants (factor 4), because it is clear that amendment would be futile (factor 5). *See Cirino*, 667 F. App'x at 249 (affirming district court's dismissal of § 1341 claim under Rule 12(b)(6)).

The motions to dismiss brought by Defendants Mancuso and Cooper are GRANTED WITHOUT LEAVE TO AMEND. The Court will defer entry of judgment against Clancy, however, so that it may address Mancuso's request that Clancy be declared a vexatious litigant.

**III.  ORDER TO SHOW CAUSE**

Mancuso requests that Clancy be declared a vexatious litigant and subjected to pre-filing review with respect to future complaints against Mancuso, Cooper, or Bittner. Before a pre-filing review order may be imposed, the litigant must be given notice that the court is considering such an order, as well as an opportunity to oppose the order before it issues. *See Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014). A hearing is not required. *See Ou-Young v. Roberts*, 2013 WL 6732118, at *8 (N.D. Cal. Dec. 20, 2013) (collecting cases). Accordingly, Clancy is ORDERED TO SHOW CAUSE, in writing and within 14 days, why he should not be declared a vexatious litigant and subject to a pre-filing review requirement with respect to future complaints against Jerry Mancuso, Gerald Bittner, and Keith Cooper.

**IV.  ORDER**

(1) Defendant Mancuso's motion to dismiss pursuant to Rule 12(b)(6) is GRANTED WITHOUT LEAVE TO AMEND;

(2) Defendant Cooper's motion to dismiss pursuant to Rule 12(b)(6) is GRANTED WITHOUT LEAVE TO AMEND; and

(3) Plaintiff Clancy is ORDERED TO SHOW CAUSE, in writing and within 14 days, why he should not be declared a vexatious litigant and subject to a pre-filing review requirement with respect to future complaints against Jerry Mancuso, Gerald Bittner, and Keith Cooper.

Dated:  November 30, 2022

_____
BETH LABSON FREEMAN
United States District Judge