UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NORMAN CLANCY,<br><br>    Plaintiff,<br><br>v.<br><br>JERRY MANCUSO; GERALD BITTNER; and KEITH COOPER,<br><br>    Defendants. | Case No. 22-cv-02381-BLF<br><br>**ORDER DECLARING NORMAN CLANCY A VEXATIOUS LITIGANT AND IMPOSING PRE-FILING REVIEW REQUIREMENT**<br><br>[Re: ECF 21] |

    This is the third federal action, and sixth action overall, that *pro se* Plaintiff Norman Clancy ("Clancy") has filed against Defendants Jerry Mancuso ("Mancuso"), Gerald Bittner ("Bittner"), and Keith Cooper ("Cooper") regarding dental services they provided to him. Before the Court is Mancuso's motion for an order declaring Clancy to be a vexatious litigant and requiring Clancy to obtain leave of court before filing any future lawsuits against Mancuso, Bittner, and/or Cooper. *See* Mancuso's Mot., ECF 21.

    On November 30, 2022, the Court issued an Order to Show Cause why Clancy should not be declared a vexatious litigant. *See* Order to Show Cause, ECF 28. The Court gave Clancy until December 14, 2022 to respond, and advised that the Court would issue a ruling upon the filing of Clancy's response or the expiration of his deadline to respond. *See id.* Clancy has not responded to the Order to Show Cause.

    Mancuso's motion is GRANTED. The Court hereby DECLARES Norman Clancy to be a vexatious litigant and imposes a pre-filing review requirement with respect to any future lawsuits against Mancuso, Bittner, and Cooper, either individually or as joint defendants.

## I. BACKGROUND

The Court summarizes the six actions that Clancy has filed against Mancuso, Bittner, and Cooper, as follows.[1] The Court takes judicial notice of Clancy's prior court filings and related court orders. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.")

*First Action, filed July 28, 2020 (Federal)*

On July 28, 2020, Clancy filed his first federal suit against Mancuso, Bittner, and Cooper, asserting federal question jurisdiction based on a criminal statute governing assaults within maritime and territorial jurisdiction, 18 U.S.C. § 113. *See Clancy v. Mancuso, et al.*, No. 20-cv-05176-EJD. Clancy alleged that he was referred to Dr. Keith Cooper for the removal of a broken screw from an implant. *See* Compl. at 5, ECF 1. Cooper allegedly "destroyed a critical implant" and removed "an existing bridge," which left Mr. Clancy "without any teeth for months." *Id*. Clancy indicates that after that procedure, he was referred to Dr. Jerry Mancuso, an oral surgeon. *See id*. Mancuso allegedly proposed a plan of treatment that involved pulling out all of Clancy's existing teeth and implants, followed by a bone graft and insertion of up to eight implants. *See id*. Clancy claims that he also was referred to Dr. Gerald Bittner "to make the hybrid bridge." *Id*.

According to Clancy, Mancuso, Bittner, and Cooper changed the prices of their procedures in bad faith and lied about which procedures they performed. *See* Compl. at 6. For example, Clancy alleges as follows: "On the day before the operation, Mancuso raised the price to $19,000 and used the change in price, that he knew I couldn't pay to cancel the surgery." *Id*. Clancy also says that he immediately went to three other oral surgeons, who told him that he had never had any bone graft and that the follow-up treatment plan proposed by Defendants was impossible. *See id.* Based on these factual allegations, Clancy alleged violation of the federal criminal statute referenced above, 18 U.S.C. § 113, and various state law claims including malpractice, tort, and breach of contract. *See id.* at 3, 7-8.

---

[1] Mancuso has provided information regarding numerous other cases Clancy has filed against other parties. However, the Court has limited its consideration to those cases Clancy has filed against Mancuso, Bittner, and Cooper arising out of dental services.

The district court dismissed the action on December 23, 2020 for failure to complete service of process and failure to prosecute. *See* Order Adopting R&R, ECF 15.

*Second Action, filed January 28, 2021 (Federal)*

A month later, on January 28, 2021, Clancy filed a second federal suit against Mancuso, Bittner, and Cooper arising out of the same alleged facts. *See Clancy v. Mancuso, et al.*, No. 21-cv-00682-MMC. Large portions of the complaint in the second suit were copied verbatim from the complaint in the first suit. *See* Compl., ECF 1. Clancy asserted claims for "Technical Assault," battery, negligence, malpractice, tort, and breach of contract. *See id.*

In the second suit, Clancy asserted the existence of diversity jurisdiction, alleging that he was a citizen of New York despite his California address of record. The district court dismissed the action for lack of subject matter jurisdiction, determining that Clancy had failed to offer any evidence that he was a citizen of New York. *See* Order Granting Motions to Dismiss, ECF 38.

*Third Action, filed August 21, 2021 (State)*

On August 21, 2021, Clancy filed a state court action against Bittner arising out of the same facts and asserting the same claims as the second suit: "Technical Assault," battery, negligence, malpractice, tort, and breach of contract. *See Clancy v. Bittner*, Santa Clara County Superior Court No. 21CV386380. Clancy voluntarily dismissed that suit on September 30, 2021 after Bittner filed a demurrer.

*Fourth Action, filed September 1, 2021 (State)*

On September 1, 2021, Clancy filed another state court action against Cooper for assault and breach of contract. *See Clancy v. Cooper*, Santa Clara County Superior Court No. 21CV386417. Cooper's demurrer was sustained without leave to amend on November 22, 2022.

*Fifth Action, filed September 10, 2021 (State)*

On September 10, 2021, Clancy filed yet another state court action against Mancuso, and he later added Cooper as a defendant. *See Clancy v. Cooper*, Santa Clara County Superior Court No. 21CV386606. That suit, which is based on the identical allegations as the earlier suits, asserts claims for "Technical Assault," battery, negligence, malpractice, tort, and breach of contract. *See id.* Defendants' demurrer is set for hearing on January 10, 2023.

3

*Sixth Action, filed April 18, 2022 (Federal)(Present Action)*

Clancy filed the present federal action against Mancuso, Bittner, and Cooper on April 18, 2022. *See* Compl., ECF 1. Large portions of the complaint were copied directly from his complaints in the prior actions. *See id.* He asserted a single claim under the federal criminal mail fraud statute, 18 U.S.C. § 1341, based on Defendants' alleged scheme to defraud him in connection with the dental work. *See id.* Clancy voluntarily dismissed Bittner from the suit, and the Court subsequently dismissed Mancuso and Cooper on the ground that 18 U.S.C. § 1341 does not give rise to a private right of action. *See* Order Granting Motions to Dismiss, ECF 27.

In conjunction with his motion to dismiss the complaint in this action, Mancuso filed a motion to have Clancy declared a vexatious litigant. *See* Mancuso's Mot., ECF 21. As discussed above, the Court issued an Order to Show Cause why such an order should not issue, and Clancy failed to respond. *See* Order to Show Cause, ECF 28.

## II.  LEGAL STANDARD

"The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). "Restricting access to the courts is, however, a serious matter." *Ringgold-Lockhart v. Cty. of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014). "[T]he right of access to the courts is a fundamental right protected by the Constitution," and "[p]rofligate use of pre-filing orders could infringe this important right." *Id*. at 1061-62 (internal quotation marks and citations omitted). Thus, "pre-filing orders should rarely be filed," and only when certain requirements are met. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). "Nevertheless, '[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants.'" *Molski*, 500 F.3d at 1057 (quoting *De Long*, 912 F.2d at 1148). A district court therefore has discretion to restrict a litigant's future filings by requiring leave of court. *See De Long*, 912 F.2d at 1146-47.

"When district courts seek to impose pre-filing restrictions, they must: (1) give litigants notice and 'an opportunity to oppose the order before it [is] entered'; (2) compile an adequate

4

1  record for appellate review, including 'a listing of all the cases and motions that led the district
2  court to conclude that a vexatious litigant order was needed'; (3) make substantive findings of
3  frivolousness or harassment; and (4) tailor the order narrowly so as 'to closely fit the specific vice
4  encountered.'" *Ringgold-Lockhart*, 761 F.3d at 1062 (quoting *De Long*, 912 F.2d at 1147-48).
5  "The first and second of these requirements are procedural," while the third and fourth
6  requirements are "substantive considerations" helpful to defining who is a vexatious litigant and
7  fashioning an appropriate remedy.  *Id*. at 1062.

### III. DISCUSSION

The Court addresses these four requirements in turn.

#### A. Notice and Opportunity to Oppose

The first requirement – notice and opportunity to oppose – is satisfied where the litigant is given notice that the court is considering a pre-filing screening order and an opportunity to oppose such order before it issues.  *See Ringgold-Lockhart*, 761 F.3d at 1062.  A hearing is not required.  *See Ou-Young v. Roberts*, No. C-13-4442-EMC, 2013 WL 6732118, at *8 (N.D. Cal. Dec. 20, 2013) (collecting cases).

Here, the Court issued and Order to Show Cause why Clancy should not be declared a vexatious litigant.  *See* Order to Show Cause, ECF 28.  The Order to Show Cause was mailed to Clancy at his address of record.  *See* Certificate of Service, ECF 28-1.  Clancy did not respond.  However, the record is clear that Clancy was given notice and an opportunity to respond.

#### B. Adequate Record for Review

"An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *De Long*, 912 F.2d at 1147.  "At the least, the record needs to show, in some manner, that the litigant's activities were numerous or abusive." *Id*.  Clancy has filed six actions against Mancuso, Bittner, and Cooper, either individually or as joint defendants, in the last three years.  Large portions of the complaints in the later actions were copied verbatim from complaints in the earlier actions.  This order summarizes the six actions and their dispositions.  This record is adequate to show Clancy's repeated assertions of claims against Mancuso, Bittner, and Cooper based on the same facts.

5

### C. Substantive Findings

Before a district court issues a pre-filing review order, it must make a substantive finding that the litigant's actions have been either frivolous or harassing. *See Ringgold-Lockhart*, 761 F.3d at 1064. "To determine whether the litigation is frivolous, district courts must look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Id*. (internal quotation marks and citation omitted). "The plaintiff's claims must not only be numerous, but also be patently without merit." *Id*. (internal quotation marks and citation omitted). As an alternative to frivolousness, the district court may make a finding that the litigant has engaged in a pattern of harassment. *See id*. Filing particular types of actions repetitiously is insufficient; the court must discern whether the repetitive filing was motivated by an intent to harass the defendant or the court. *See id*. "Finally, courts should consider whether other, less restrictive options, are adequate to protect the court and parties." *Id*.

The Ninth Circuit has identified five factors that provide "a helpful framework" for determining whether a party is vexatious and whether a pre-filing order is warranted: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, *e.g.*, does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." *Ringgold-Lockhart*, 761 F.3d at 1062 (citation omitted).

The first factor – the history of litigation and whether it entailed vexatious, harassing, or duplicative lawsuits – strongly favors a pre-filing screening order for any future suits Clancy seeks to bring against Mancuso, Bittner, and Cooper arising out of dental services. Clancy has filed six actions against these individuals. While his theories of liability were not the same in all the suits, the factual bases for those theories was identical. Five of the six suits were dismissed, and the sixth is set for hearing on a demurrer in January 2023. At the very least, these suits are duplicative, and viewed objectively they appear to be harassing as well.

1	The second factor – the litigant's motive in pursuing litigation – also weighs in favor of a pre-filing screening order for suits against Mancuso, Bittner, and Cooper. The Court cannot conceive of any legitimate basis for Clancy's insistence in filing these repeated suits. This is particularly true since Clancy failed to prosecute several of the suits or to defend against motion practice. After reviewing the complaints in all six suits, and the dispositions of the five suits that have been terminated, the Court can only conclude that Clancy's purpose is to harass Mancuso, Bittner, and Cooper through litigation.

The third factor inquires whether the plaintiff is represented by counsel. Clancy is not represented. The Court therefore treads carefully when considering whether a prefiling order is warranted. *See De Long*, 912 F.2d at 1147 (recognizing that the use of pre-filing review orders against pro se plaintiffs should be approached with particular caution). Even considering Clancy's *pro se* status, however, the Court finds that his filings warrant imposition of a pre-filing review requirement. While six lawsuits is not as egregious as some of the cases addressing vexatious litigant determinations, the duplicative and harassing nature of Clancy's filings outweigh any leniency that may be given dud to his *pro se* status.

The fourth factor – whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel – strongly favors the contemplated pre-filing screening order. Mancuso, Bittner, and Cooper have been forced to defend six separate lawsuits arising from the same facts. Six different judges have had to expend time and resources adjudicating Clancy's claims. There was no merit to five of the six suits, which have been dismissed, and the sixth suit is set for hearing on a demurrer in January 2023. In this Court's view, Clancy's suits against Mancuso, Bittner, and Cooper embody the "[f]lagrant abuse of the judicial process" described by the Ninth Circuit that "cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Molski*, 500 F.3d at 1057 (internal quotation marks and citation omitted).

Finally, the fifth factor asks whether other, less restrictive options, would be adequate. As noted, the repeated dismissal of his lawsuits has not prevented Clancy from filing new suits. The

1    Court has considered whether it would be effective to impose a monetary sanction against Clancy
2    each time he commences frivolous or harassing claims against Mancuso, Bittner, and Cooper.
3    However, judicial resources would be required to determine whether each particular claim in fact
4    is frivolous or harassing. Moreover, it is not at all clear that imposition of a monetary sanction
5    would deter Clancy's conduct, given his determination to sue these individuals. Consequently, the
6    Court finds that this factor favors imposition of the requested pre-filing review order.

### D. Narrowly Tailored

A prefiling order must be narrowly tailored to the vexatious litigant's wrongful conduct. *See Molski*, 500 F.3d at 1061. "Narrowly tailored orders are needed to prevent infringement of the litigator's right of access to the courts." *De Long*, 912 F.2d at 1148 (internal quotation marks and citation omitted). The Court will address this concern by limiting the pre-filing review order in this case to any future suits that Clancy seeks to bring against Mancuso, Bittner, and Cooper arising out of their dental services to him.

### E. Conclusion

Having considered the four requirements for issuance of a vexatious litigant order, the Court finds that such an order is warranted here. Clancy was given notice that the Court was considering a pre-filing review order and an opportunity to oppose such order; there is an adequate record of Clancy's prior actions against Mancuso, Bittner, and Cooper; the Court finds that Clancy's repeated suits against these individuals is frivolous and harassing; and the Court will narrowly tailor its vexatious litigant order to address the specific conduct giving rise to the order.

## IV. ORDER

Accordingly, IT IS HEREBY ORDERED that:

(1) Norman Clancy must obtain leave of court before filing any complaint that alleges claims against Jerry Mancuso and/or Gerald Bittner and/or and Keith Cooper arising from dental services they provided to Clancy.

(2) The Clerk of Court shall not accept from Norman Clancy any complaint alleging claims against Jerry Mancuso and/or Gerald Bittner and/or and Keith Cooper arising out of dental services provided to Clancy until the complaint has been reviewed by a judge and approved for

1 filing.  The Clerk shall forward any such complaint to the general duty judge for pre-filing
2 screening.
3     (3)    This order applies to complaints that Norman Clancy seeks to file in this district,
4 complaints filed in state court and removed to this district, and complaints filed in adversary
5 proceedings in this district's bankruptcy court.
6     (4)    This order terminates ECF 21.
7     (5)    The Court deferred entry of judgment in this case pending resolution of Mancuso's
8 motion for an order declaring Clancy to be a vexatious litigant.  That motion having been decided,
9 this action is DISMISSED WITH PREJUDICE.  Judgment shall be entered following entry of the
10 present order.

Dated:  December 20, 2022

BETH LABSON FREEMAN
United States District Judge